```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------  X
                                           :
TRUSTEES OF THE NEW YORK CITY DISTRICT     :
COUNCIL OF CARPENTERS PENSION FUND,        :
WELFARE FUND, ANNUITY FUND, AND            :      21cv895 (DLC)
APPRENTICESHIP, JOURNEYMAN RETRAINING,     :
EDUCATIONAL, AND INDUSTRY FUND, et         :      MEMORANDUM
al.,                                       :      OPINION AND ORDER
                                           :
                    Petitioners,           :
                                           :
              -v-                          :
                                           :
CHOICE OF COLORS, INC.,                    :
                                           :
                    Defendant.             :
                                           :
----------------------------------------  X
```

DENISE COTE, District Judge:

The petitioners -- the New York City District Council of Carpenters, related pension funds and charity funds (the "Funds"), and a related non-profit corporation -- have filed this case to confirm an arbitration award and for associated attorneys' fees and costs. Respondent Choice of Colors, Inc. ("Choice of Colors") has not appeared in this action to oppose the petition or for any other reason. The petitioners obtained a Clerk's Certificate of Default on April 29 and moved for summary judgment on May 26. For the following reasons, the petition and motion are granted.

**Background**

The following facts are derived from the petition to confirm an arbitration award and memorandum of law in support.

On December 15, 2016 and October 23, 2017, Choice of Colors executed two Letters of Assent agreeing to be bound by project labor agreements entitled the Outer Borough Residential Market Recovery Project Labor Agreements (together, the "PLAs").  The PLAs bound Choice of Colors to various collective bargaining agreements ("CBAs"), including the Independent Building Construction Agreement, with petitioner New York City District Council of Carpenters.  The relevant CBA in effect at the time was the 2011-2015 Independent Building Construction Agreement (the "2011-2015 CBA"), which automatically renewed in 2016 and 2017 pursuant to an evergreen clause.  A successor agreement, the 2017-2024 Independent Building Construction Agreement (the "2017-2024 CBA"), became effective on July 1, 2017.

Pursuant to the PLAs, Choice of Colors was required to make contributions to the Funds for each hour worked by employees covered by the CBAs.  Choice of Colors was also required to furnish its books and payroll records upon request by the Funds.  Finally, the CBAs allowed the trustees of the Funds to establish policies for the collection of employer contributions to the Funds.  Pursuant to that provision of the CBAs, the trustees under the Funds adopted a policy by which disputes regarding

contributions to the Funds would be submitted to arbitration. The CBAs and the policy also provided that the Funds would be entitled to collect interest, liquidated damages, and attorneys' fees and costs if they were required to arbitrate a dispute over unpaid contributions.

The Funds conducted an audit of Choice of Colors' contribution practices for the period between March 10, 2017 and May 8, 2018. Choice of Colors did not pay the amount found to be due and owing by the audit, and pursuant to the CBAs, the petitioners initiated arbitration. After a hearing, the arbitrator rendered an award to the petitioners on November 21, 2020. The arbitrator found that Choice of Colors had violated the CBAs by failing to remit benefit contributions that were due to the Funds and, pursuant to the CBAs and the Funds' policy, the arbitrator awarded the funds $5,409.14 in deficient contributions, $1,055.51 in interest, liquidated damages of $1,081.83, and attorneys' fees and costs, for a total sum of $11,528.01. The arbitrator also found that a 5.25% interest rate would begin to accrue as of the date the award was issued. Choice of Colors has failed to pay any portion of the award and has not applied to vacate or modify the award.

The petitioners commenced this action to confirm the arbitration award on February 2, 2021. An affidavit of service

was filed on February 5, making Choice of Colors obligated to file any response by February 25, 2021. Choice of Colors did not file a response by that date or otherwise appear. On April 27, an Order directed the petitioners to obtain a Certificate of Default from the Court of Clerk and to move for summary judgement. A Certificate of Default was issued on April 29, and petitioners moved for summary judgment on May 26. Choice of Colors did not submit opposition.

### Discussion

Although Choice of Colors has failed to appear in this proceeding to confirm an arbitration award, the Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unopposed petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the [petitioner's] submissions," and the court "may not grant the [petition] without first examining the [petitioner's] submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may be granted only when the parties' submissions "show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

A fact is material if it might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Moreno-Godoy v. Kartagener, 7 F.4th 78, 84 (2d Cir. 2021) (citation omitted).

"The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Beijing Shougang Mining Inv. Co. v. Mongolia, 11 F.4th 144, 160 (2d Cir. 2021) (citation omitted). "The review of arbitration awards is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Id. (citation omitted).

"Courts . . . play only a limited role when asked to review the decision of an arbitrator, and only a very narrow set of

5

circumstances delineated by statute and case law permit vacatur." Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007) (citation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact.  The petition to confirm the arbitration award is therefore granted.

Petitioners also seek, pursuant to the CBAs, $965 in attorney's fees and $75 in costs for the confirmation proceeding.  The request for attorney's fees and costs is reasonable and is granted.

## Conclusion

The petition to confirm the arbitration award is granted. The petitioners are awarded judgment in the amount of $11,528.01, the sum of the arbitration award, with interest accruing at a 5.25% annual rate from November 20, 2020, the date of the arbitration award.  The petitioners are also awarded post-judgment interest at the statutory rate.  28 U.S.C. § 1961.

Finally, attorney's fees and costs for the confirmation proceeding in the amount of $1,040 are awarded to petitioners. The Clerk of Court shall enter judgment for the petitioners and close the case.

Dated:  New York, New York
        October 7, 2021

_____
DENISE COTE
United States District Judge